USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA        :
                                :          19-CR-687 (VEC)
          -against-             :          22-CV-10802 (VEC)
                                :
VICTOR SANTANA,                 :          OPINION & ORDER
                                :
                    Defendant.  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

On February 26, 2020, Victor Santana pled guilty to being a felon in possession of a firearm, in full satisfaction of the charges in the Indictment. *See* Plea Tr., Dkt. 18. On March 4, 2021, the Court sentenced Mr. Santana to six years' imprisonment. *See* Sentencing Tr., Dkt. 41. Mr. Santana appealed, and, on April 1, 2022, the Second Circuit dismissed his appeal, based on the appeal waiver in his plea agreement. *See* Notice of Appeal, Dkt. 40; Mandate, Dkt. 45.

On December 21, 2022, Mr. Santana filed a letter motion for relief citing the First Step Act, which the Court interpreted as a petition for a writ of habeas corpus under 28 U.S.C. § 2255.[1] *See* Pet., Dkt. 46; Order, Dkt. 48. The Government opposes the motion. *See* Gov. Opp., Dkt. 52. For the reasons discussed below, Mr. Santana's § 2255 petition is DENIED.

---

[1] A district court may recharacterize a post-conviction motion as a § 2255 motion if "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that . . . the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant an opportunity to withdraw the motion rather than have it so recharacterized." *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). A *pro se* litigant must be warned if his motion is characterized as a § 2255 motion and must receive an opportunity to amend or withdraw the motion so that it contains all of the § 2255 claims he seeks to raise. *Castro v. United States*, 540 U.S. 375, 383 (2003). Mr. Santana initially cited the First Step Act in his letter-motion for relief. *See* Pet. at 1, Dkt. 46. The Court construed the motion as a § 2255 petition for a writ of *habeas corpus* and gave Mr. Santana until January 31, 2023, to object to that characterization. Order, Dkt. 48. The Court extended that deadline until March 15, 2023, but, ultimately, Mr. Santana did not object. Order, Dkt. 51. Accordingly, the Court will treat his motion as a petition pursuant to 28 U.S.C. § 2255.

1

**BACKGROUND**

On February 26, 2020, Mr. Santana entered into a plea agreement with the Government, pursuant to which he agreed to plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which was Count One of a three-count indictment.[2] Indictment, Dkt. 5; Plea Tr. at 5, Dkt. 18.  Pursuant to the plea agreement, Mr. Santana agreed that he would not "file a direct appeal; nor bring a collateral challenge, including but not limited to an application under . . . Section 2255" if he received a sentence "within or below the Stipulated Guidelines Range of 84 to 105 months' imprisonment."  Plea Agr. at 4, Dkt. 52-1.

At the change-of-plea hearing, Mr. Santana acknowledged under oath that he understood the crimes with which he was charged and to which he was offering to plead guilty, Plea Tr. at 17, and that no one had threatened him or forced him to plead guilty, *id.* at 15.  He confirmed that he was satisfied with his legal representation and that he had an opportunity to discuss with his counsel the consequences of pleading guilty.  *Id.* at 5.  Mr. Santana also confirmed that he understood that the Court could impose a sentence that deviated from the recommended guidelines and that no one had promised him what his sentence would be.  *Id.* at 12–13, 16.

After affirming that he wished to plead guilty, Mr. Santana admitted that he "possessed a firearm on or about September 4, 2019, after knowing that [he] had previously been convicted of a [felony.] . . . in the Bronx[, New York.]"  *Id.* at 17–18.  The Court found that there was an adequate factual basis for his plea, that Mr. Santana understood the rights he was giving up, and that he had waived those rights knowingly and voluntarily.  *Id.* at 20.

---

[2]    In addition to Count One, Mr. Santana was charged with distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Indictment at 1-2, Dkt. 5.

Mr. Santana appeared for sentencing on March 4, 2021. *See* Sentencing Tr. The Court found that the Stipulated Guidelines Range (hereinafter, the "Guidelines") was longer than necessary to achieve the goals of sentencing, so it varied downward from the Guidelines and sentenced Mr. Santana to six years' imprisonment. *See id*.

On March 18, 2021, despite receiving a sentence below the Guidelines, Mr. Santana appealed his sentence. *See* Notice of Appeal. He did not raise on appeal the claim he raises in his § 2255 petition. *See id*. On April 1, 2022, the Second Circuit dismissed his appeal, holding that Mr. Santana did not "demonstrate[e] that the waiver of his appellate rights is unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)." Mandate.

On December 21, 2022, Mr. Santana filed a letter motion for relief, which the Court construed as a petition pursuant to 28 U.S.C. § 2255. *See* Pet.; Order, Dkt. 48. On March 31, 2023, the Government opposed Mr. Santana's § 2255 motion. *See* Gov. Opp. For the reasons discussed below, Mr. Santana's § 2255 petition is denied.

## DISCUSSION

Because Mr. Santana is proceeding *pro se*, the Court construes his petition liberally and interprets it "to raise the strongest arguments that [it] suggest[s].'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Relief under § 2255 is typically available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "As a general rule § 2255 petitioners may not raise on collateral review a claim previously litigated on direct appeal."

3

*Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998). "The 'mandate rule' ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). This is, in part, because the Court seeks to "protect the finality of federal criminal judgments." *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998).

Mr. Santana challenges his conviction insofar as the Government relied on a theory of constructive possession to support the charge that he unlawfully possessed a firearm. *See* Pet. at 1 (citing the "*Pinkerton* Doctrine" for the proposition that "[w]hen the government seeks to establish constructive possession under § 922(g)(1), it must prove the 'defendant' had the power *and the intention* to exercise dominion and control over the firearm" (emphases in original)).[3] Mr. Santana also appears to argue that the Court improperly relied on a state statute in determining his sentence. *Id.* ("[The] Clerk of Courts must have the Federal Law that a State Statute is inadmissible to use in Federal Court and in any Federal Sentencing.").[4]

Liberally construed, Mr. Santana's petition challenges the sufficiency of the Government's evidence. For the reasons discussed below, the Court denies the petition.

---

[3] Mr. Santana's argument is inapposite. The *Pinkerton* doctrine refers to a theory of liability borne out of *Pinkerton v. United States*, 328 U.S. 640 (1946), which holds that a defendant who has been charged with conspiracy "may be found 'guilty on a substantive count without specific evidence that he committed the act charged if it is clear that the offense had been committed, that it had been committed in the furtherance of an unlawful conspiracy, and that defendant was a member of that conspiracy.'" *United States v. Bruno*, 383 F.3d 65, 89 (2d Cir. 2004) (quoting *United States v. Miley*, 513 F.2d 1191, 1208 (2d Cir. 1975)). Mr. Santana was not charged or convicted under a *Pinkerton* theory of liability. *See* Indictment; Plea Tr.

[4] Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful "for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). The Second Circuit interprets the language of "convicted in any court" to include "convictions attained in domestic courts [in the United States]." *United States v. Gayle*, 342 F.3d 89, 95 (2d Cir. 2003); *see also Custis v. United States*, 511 U.S. 485, 485 (1994) (holding that, "[w]ith the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used to enhance his sentence"). Therefore, a prior state felony conviction satisfies the statute's requirement for a predicate offense.

I.      **Mr. Santana Failed to Challenge the Judgment on Direct Appeal**

Generally, if a petitioner does not raise a claim on direct appeal, he cannot raise it in a collateral attack under § 2255.  *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011).  There is an exception to this rule if the petitioner can show either "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence."  *Id.*; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998); *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent" (cleaned up)).

Cause for a procedural default exists when "something *external* to the petitioner . . . impeded his efforts to comply with the State's procedural rule."  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up); *see also Gupta*, 913 F.3d at 84 (finding that, to demonstrate cause, a defendant must establish "some objective factor external to the defense, such that the claim was so novel that its legal basis was not reasonably available to counsel" (internal quotations omitted)).  Even if there is cause, the petitioner must show that the trial contained errors that "creates 'an *actual* and substantial disadvantage, infecting [the petitioner's] entire trial with error of constitutional dimensions."  *Rosario-Dominguez v. United States*, 353 F. Supp. 2d 500, 508 (S.D.N.Y. 2005) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)).

Actual innocence requires a petitioner to show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley*, 523 U.S. at 623 (internal quotations omitted).  Demonstrating actual innocence "is a 'demanding' standard

and 'permits review only in the extraordinary case.'" *Garafola v. United States*, 909 F. Supp. 2d 313, 326 (S.D.N.Y. 2012) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) (cleaned up)).

Because Mr. Santana did not raise on direct appeal his claim that there was insufficient evidence to support his conviction, Mr. Santana needed to show that an exception applies that permits him to collaterally attack his conviction. *See* Notice of Appeal. He has made no such showing, nor does he appear to argue actual innocence. *See* Pet. Even if Mr. Santana were arguing actual innocence, the claim would not stand: he admitted, under oath, that he possessed a handgun, knowing that he had previously been convicted of a felony. *See* Plea Tr. at 17.

Because neither Mr. Santana's § 2255 motion nor the record suggests cause for a procedural default or actual innocence, Mr. Santana is barred from collaterally attacking his conviction under § 2255.

## II.   Mr. Santana Waived His Right to Collaterally Attack His Conviction When He Entered His Plea Agreement

A plea agreement's waiver of the right to collaterally attack a conviction is enforceable only if the waiver was "knowing, voluntary, and competent." *Gomez-Perez*, 215 F.3d at 318 (collecting cases); *see also Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001) ("[B]y the literal language of the agreement[,] the defendant waives the right to petition under § 2255 regardless whether the claim arose before or after the waiver was entered."); *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (finding that there was no need to consider the merits of defendant's § 2255 petition because his plea agreement barred him from bringing a collateral attack).

Mr. Santana's plea agreement included a waiver of his right to collaterally attack his conviction under § 2255. Plea Agr. at 4. Mr. Santana does not appear to be challenging the validity of this waiver, but even if he were, the argument would not be successful because he

6

does not, and cannot, show that his decision to sign the plea agreement was not knowing, voluntary, and competent. *See generally* Pet. Mr. Santana confirmed under oath that he was pleading guilty of his own volition and that no one "threatened or forced [him] to plead guilty." Plea Tr. at 15; *see also id.* at 19. When the Court orally advised him that his plea agreement included a waiver of his right to collaterally attack his sentence if the Court sentenced him within or below the Guidelines, Mr. Santana acknowledged that he was aware of that fact. *Id.* at 17. Mr. Santana confirmed he was "satisfied" with his legal representation, with whom he discussed the consequences of a guilty plea. *Id.* at 5. The Court found that Mr. Santana was "fully competent to enter an informed guilty plea." *Id*.

In short, the Court finds that Mr. Santana's guilty plea, including the waiver of his right to collateral attack, was knowing, voluntary, and competent. As such, his waiver of his right to collaterally attack his conviction pursuant to § 2255 remains enforceable, and Mr. Santana is barred from bringing a § 2255 petition.

### III.     Mr. Santana's § 2255 Petition Fails on the Merits

Even if Mr. Santana were not procedurally barred from bringing a § 2255 petition, his petition would nonetheless fail on the merits: vacating or setting aside the judgment is an extreme remedy that is only appropriate when there is a "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which results in a complete miscarriage of justice.'" *Bokun*, 73 F.3d at 12 (quoting *Hill*, 368 U.S. at 428).

Mr. Santana's argument that the Government had insufficient evidence to convict him of violating 18 U.S.C. § 922(g)(1) is belied by his own statements at his plea hearing: when Mr. Santana pled guilty, he admitted under oath that he unlawfully possessed a firearm. Plea Tr. at

17. Specifically, he admitted that he "possessed a firearm on or about September 4, 2019, after knowing that [he] had previously been convicted of a crime punishable by more than one year," and "knowing that what [he] was doing was wrong." *Id.* at 17–18. The Court "is entitled to rely on statements made during an allocution even in the face of a later, contrary claim that a plea was not knowing or voluntary." *Daija v. United States*, 2010 WL 2605736, at *7 (S.D.N.Y. June 29, 2010); *see also Mejia v. United States*, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010) ("A defendant's bare allegations in a § 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth."). Because Mr. Santana made clear that he possessed a firearm after he had been convicted of a felony, the Court accepts the statements made at his change-of-plea hearing as presumptively true to the extent that statements made in his § 2255 petition contradict them. *See* Plea Tr. at 17–18.

Because Mr. Santana's current petition contradicts statements that he made under oath, his guilty plea was made knowingly and voluntarily, and he failed to bring his claim on direct appeal, his § 2255 petition on the ground of insufficiency of evidence is meritless.[5]

## CONCLUSION

For the foregoing reasons, Mr. Santana's petition for a writ of *habeas corpus* under § 28 U.S.C. § 2255 is DENIED.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), "[u]nless a . . . judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." A district judge has the authority to grant a certificate of appealability. *See, e.g., Soto v. United States*, 185 F.3d 48, 51 n.3 (2d Cir. 1999). If the Court

---

[5] Although Mr. Santana appears to argue that the Court improperly relied on a state statute, he does not mention any particular state statute that the Government applied in his case. Gov. Opp. at 3. In any event, as mentioned *supra* at n.4, prior state convictions are valid predicate offenses for a charge pursuant to 18 U.S.C. § 922(g).

grants a certificate of appealability, it must "indicate the specific issue or issues that satisfy the 'substantial showing of the denial of a constitutional right' standard." *Blackman v. Ercole*, 661 F.3d 161, 163–164 (2d Cir. 2011) (quoting 28 U.S.C. §§ 2253(c)(2), (3)); *see also Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court declines to issue a certificate of appealability because Mr. Santana has not made a substantial showing that he was denied a constitutional right.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith and, therefore, permission to proceed *in forma pauperis* is denied.

The Clerk of Court is respectfully directed to terminate the open motions at docket entry 48 (19-CR-687) and docket entry 1 (22-CV-10802) and CLOSE 22-CV-10802.

**SO ORDERED.**

**Date:  June 29, 2023**  
**New York, New York**

**VALERIE CAPRONI**  
**United States District Judge**